FILED
Aug 18, 2021
11:06 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Joshua Bryant ) | Docket No. 2020-08-0309 |
| ) | |
| v. ) | State File No. 97676-2017 |
| ) | |
| Malco Theaters, Inc., et al. ) | |
| ) | |
| ) | |
| Appeal from the Court of Workers' ) | |
| Compensation Claims ) | |
| Allen Phillips, Judge ) | |

---

**Affirmed and Certified as Final**

---

The employee suffered an injury to his head while working at a movie theater. The employer accepted the claim and provided temporary disability and medical benefits until the authorized physician placed the employee at maximum medical improvement. The employee sought unauthorized medical treatment and subsequently filed a petition for benefits. The employer denied that it owed additional benefits, asserting the employee had filed his petition outside the applicable statute of limitations and that the requested medical care was not causally related to the work injury. At an expedited hearing, the trial court found the employee had filed his petition more than one year after the date of the last payment of benefits and denied the employee's request for additional medical care. The employer filed a motion for summary judgment, which the trial court denied because it did not comply with Rule 56 of the Tennessee Rules of Civil Procedure. The employer then filed a second motion for summary judgment, curing the defects of the prior motion, and the trial court granted the motion and dismissed the employee's claim, finding the employee had not timely filed his petition for benefits. The employee has appealed. After careful review of the record, we affirm the trial court's order granting the employer's motion for summary judgment and dismissing the employee's claim, and we certify the trial court's order as final.

Judge David F. Hensley delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Pele I. Godkin joined.

Joshua Bryant, Collierville, Tennessee, employee-appellant, pro se

Effie V. Bean Cozart, Brentwood, Tennessee, for the employer-appellee, Malco Theaters, Inc.

**Memorandum Opinion[1]**

Joshua Bryant ("Employee") worked for Malco Theaters, Inc. ("Employer"), and suffered injuries to his head on December 14, 2017, when he struck his head on a column while assisting a customer in the theater complex. Employer accepted the claim as compensable and provided temporary disability benefits and medical benefits. On April 10, 2018, the authorized physician, Dr. Alan Nadal, placed Employee at maximum medical improvement and returned him to work with no restrictions, assigning no permanent impairment. Dissatisfied with his medical care, Employee sought unauthorized medical treatment.[2]

Employee filed a petition for benefits on March 26, 2020. A dispute certification notice filed on September 10, 2020 indicated the disputed issues were the expiration of the statute of limitations and whether the requested medical care was causally related to a work injury. In a January 26, 2021 expedited hearing order, the trial court concluded Employee was not entitled to the requested medical care because he was not likely to prevail at trial in establishing he filed his petition for benefits prior to the expiration of the statute of limitations.

On March 1, 2021, Employer filed a motion for summary judgment, asserting Employee's claim should be dismissed because his petition for benefits was not timely filed. The trial court denied Employer's motion on April 8, 2021, finding that Employer had failed to properly support its motion as required by Rule 56 of the Tennessee Rules of Civil Procedure. Specifically, the court noted that, in Employer's statement of undisputed facts, it referred to the affidavit of Joseph Medvescek, the adjuster on the claim, to support its assertion that the last payment of benefits was made on March 22, 2019, more than a year prior to the date Employee filed his petition for benefits. However, as the court observed, the affidavit attached to the motion for summary judgment did not include this testimony and, therefore, the motion was not properly supported.

On April 14, 2021, Employer filed a second motion for summary judgment asserting the same undisputed facts. However, the affidavit of Mr. Medvescek filed with the second motion included testimony supporting Employer's statements of undisputed

---

[1] "The appeals board may, in an effort to secure a just and speedy determination of matters on appeal and with the concurrence of all judges, decide an appeal by an abbreviated order or by memorandum opinion, whichever the appeals board deems appropriate, in cases that are not legally and/or factually novel or complex." Tenn. Comp. R. & Regs. 0800-02-22-.03(1) (2020).

[2] The record on appeal includes limited medical records, and no medical records were admitted as exhibits at the hearing on the motion for summary judgment. However, because of our disposition of the case, the nature and extent of Employee's injuries and medical treatment are not determinative of the outcome and need not be addressed.

facts regarding when the last payments of benefits had been made.  Finding the motion for summary judgment was properly supported and that Employer had negated an essential element of Employee's claim, the court granted Employer's motion for summary judgment and dismissed the claim.  Employee has appealed.

On appeal, Employee argues he did not receive adequate medical care and that his authorized physicians did not properly diagnose or address his alleged work-related condition.  However, Employee has not provided any information to establish that he timely filed his petition for benefits.

As provided in Tennessee Rule of Civil Procedure 56, a motion for summary judgment should be granted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Tenn. R. Civ. P. 56.04.  The burden of production is on the party pursuing summary judgment to demonstrate both that no genuine issue of material fact exists and that the moving party is entitled to a judgment as a matter of law.  *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008).  If the moving party makes a properly supported motion, the burden of production then shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact at the summary judgment stage.  *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 265 (Tenn. 2015).  A trial court's ruling on a motion for summary judgment is reviewed de novo with no presumption of correctness.  *Wallis v. Brainerd Baptist Church*, 509 S.W.3d 886, 895 (Tenn. 2016) ("[W]e make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied.").

With respect to the statute of limitations, Tennessee Code Annotated section 50-6-203(b)(2) (2020) provides as follows:

> In instances when the employer has voluntarily paid workers' compensation benefits, within one (1) year following the accident resulting in injury, the right to compensation is forever barred, unless a petition for benefit determination is filed . . . within one (1) year from the latter of the date of the last authorized treatment or the time the employer ceased to make payments of compensation to or on behalf of the employee.

In its statement of undisputed facts, supported by the affidavit of Mr. Medvescek, Employer asserted that the last payment for benefits to or on behalf of Employee was made on March 22, 2019.[3]  Employee filed his petition for benefits on March 26, 2020,

---

[3] Tennessee Code Annotated section 50-6-203(c) provides that "the issuing date of the last payment of compensation by the employer, not the date of its receipt, shall constitute the time the employer ceased making payments."  We do not find the affidavit's use of the term "made" rather than "issued" to be material under the circumstances presented.

over one year after the date of the last payment. Employee has provided no evidence to dispute the assertion that his petition for benefits was not timely, and he did not respond to Employer's statement of undisputed facts. Thus, Employer negated an essential element of Employee's claim by establishing Employee did not timely file his petition for benefits.

Accordingly, we affirm the trial court's order granting Employer summary judgment and dismissing Employee's claim, and we certify the trial court's order as final. Costs on appeal are taxed to Employee.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Joshua Bryant | ) | Docket No. 2020-08-0309 |
| | ) | |
| v. | ) | State File No. 97676-2017 |
| | ) | |
| Malco Theaters, Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Allen Phillips, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 18th day of August, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Joshua Bryant | | | | X | joshuamusic7@yahoo.com |
| Effie V. Bean Cozart Kathleen Langston | | | | X | effie.cozart@libertymutual.com kathleen.langston@libertymutual.com |
| Allen Phillips, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov